```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WEI YAN YAN,                                                :

                        Plaintiff,                          :

        -against-                                           :     **MEMORANDUM AND ORDER**

520 ASIAN RESTAURANT CORP. d/b/a                            :     13-CV-2417 (KNF)
CHEF YU, and TEO SU JIN,
                                                            :
                        Defendants.
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On July 1, 2014, a bench trial was conducted in this action, commenced by the plaintiff, who was employed as a "deliveryman" by the defendants, to recover unpaid minimum wage and overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and New York Labor Law ("NYLL"). On re-direct examination of defendant Teo Su Jin, the defendants sought to introduce into evidence parts of the plaintiff's deposition transcript "[t]o show that the parties agreed that 60 percent of deliveries are paid for by credit card, and that the plaintiff got the entire tip with no deduction for the credit card company commission." The plaintiff objected.[1] The Court directed the parties to submit "legal arguments on the subject of the credit card commissions as they relate to tips and any offset." Before the Court is the defendants' motion, pursuant to Rule 32(a)(3) of the Federal Rules of Civil Procedure, to admit

---

[1] At trial, the plaintiff objected that: (1) the defendants failed to inquire of the plaintiff about this issue during their cross-examination of the plaintiff; (2) in his in limine motion, the plaintiff sought to preclude the use of credit card statements received by the defendants, but the issue became moot when the defendants represented to the Court, during the May 1, 2014 conference, that they would not attempt to offer this evidence at trial; and (3) the evidence is irrelevant because no authority exists for the proposition that making credit card payments – instead of deducting them from the plaintiff's tips – is considered a form of wages. However, the plaintiff abandoned these grounds for objection in his opposition to the instant motion.

into evidence "page 19, lines 5 through 10, and page 20, line 11, through page 21, line 16, from the transcript of plaintiff's deposition taken January 20, 2014." The plaintiff opposes the motion.

*Defendants' Contentions*

The defendants seek to introduce page 19, lines 5-10, and page 20, line 11, to page 21, line 16, from the plaintiff's deposition transcript into evidence to corroborate Teo Su Jin's "trial affidavit (pars. 21, 64-67, 69-70, 73) about the percentage of delivery orders that were paid by credit card, and the fact that no deductions were made by defendants from the credit card tips paid to plaintiff." The defendants contend that they are entitled to credit against their wage obligations by virtue of their payment of plaintiff's share of the credit card company commissions. According to the defendants, "at trial plaintiff conceded that defendants were entitled to make deductions from plaintiff's tips for his share of the credit card company commissions." They assert that the "extra payment by defendants of plaintiff's portion of [the] credit card company commissions is analogous to their payment of his FI[C]A [Federal Insurance Contributions Act] employee taxes, which they are legally entitled to count toward their wage obligations." The defendants contend that the plaintiff's argument "that the employee has an obligation to pay the tax, while he does not have an obligation to pay a credit card company commission" is erroneous because "the employee does not have an obligation to pay the employee tax if the employer declines to withhold it and pays it for him." They maintain that "[t]he employee's responsibility can be assumed by the employer, who is entitled to count its payments toward its wage obligations. Likewise, the employee does not have an obligation to pay credit card commissions if the employer declines to withhold it from his tips and pays it for him." The defendants contend that the payments to both the Internal Revenue Service and the

credit card company are mandatory, and where the employer makes those payments on behalf of the employee, "the extra payments by defendants increased plaintiff's income for tax purposes." Thus, "[f]or FICA purposes, the extra tips were 'wages,' just as payment of the employee taxes was." According to the defendants, "[i]n the case of collecting the employee's credit card tips, as in the case of employee taxes paid by the employer, the employer should be credited with increasing the employee's net remuneration, as well as its own expenses, by declining to withhold what it is entitled by law to withhold."

The defendants contend that their payment of the credit card company commissions on the plaintiff's tips was not a gift. They assert that their payment of the plaintiff's FICA employee taxes and credit card company commissions on his tips was part of the plaintiff's employment contract. Moreover, no requirement existed "to produce something that [the defendants] were not going to use at trial, which, in fact, plaintiff insisted we not use." The defendants contend that the credit card statements do not show "anything that was paid to plaintiff, only what the credit card companies charged defendants," and it would be unduly burdensome to require the defendants to retain and produce "six years of credit card statements from three companies and tens of thousands of credit card slips that would include the slips for all of plaintiff's deliveries." The plaintiff should not be surprised that the defendants seek credit against "wage obligations for credit card company commissions they paid for plaintiff," because the parties exchanged damage calculations, which included the defendants' "figures for credit card commission payments on plaintiff's tips." The plaintiff also failed to cross-examine the defendants on this issue, waiving any argument that credit card statements might conflict with the plaintiff's testimony. According to the defendants, their use of "estimated average cost of converting plaintiff's credit card tips into cash" was reasonable.

*Plaintiff's Contentions*

The plaintiff concedes "that it would have been permissible for Defendants to contemporaneously deduct from Plaintiff's tips (as opposed to his wages) the credit card processing charges incurred by Defendants on those tips."  However, the defendants chose not to do so; rather, "for the first time and only in response to a wage and hour lawsuit against them for failure to properly pay Plaintiff's wages, they seek to recoup these amounts in the form of a credit to be applied against wages Plaintiff is owed."  The plaintiff contends that the defendants "cite no relevant authority supporting their position that credit card processing fees paid by an employer can be used as a credit against wages, as opposed to tips, owed under the FLSA and NYLL's minimum wage, overtime, and spread of hours provisions."  He maintains that the defendants' position is "legally unsupportable, illogical" and "contravenes both the FLSA and NYLL."  The credit the defendants seek would necessarily reduce the plaintiff's wages below the minimum wage, which is not allowed under FLSA, and would violate New York law regardless of whether it reduces the plaintiff's pay below the minimum wage.  The plaintiff contends that the defendants' comparison of an employee's tax obligations to the credit card processing fee the defendants paid their vendors is flawed because "an employee has an obligation to the government to pay taxes 'owed by' him or her," whereas the "Defendants' credit card processing fees were incurred pursuant to Defendants' agreements with their vendors that created an obligation for Defendants – not Plaintiff – to make payment."  Since the plaintiff never had an obligation to pay those credit card processing fees, the payment by the defendants of the processing fee did not discharge any obligation on the plaintiff's part.

*Defendants' Reply*

The defendants contend that "making extra payments of tips (by not withholding credit

4

card company commissions) is analogous to making extra payments of wages (by not withholding FICA employee taxes)." They assert that "it is not entirely true" that the defendants' credit card processing fees were incurred pursuant to the defendants' agreement with their vendors that created a paying obligation for the defendants, because "[t]he credit card companies pay the defendant corporation for all tips and purchases charged by credit card holders, with a deduction for their commission. Plaintiff's tips came to defendants with the commissions already deducted." The defendants maintain that the plaintiff "owed the commissions deducted from his tips to the same extent he owed the FICA employee tax." They assert that "receiving a credit for a legal deduction not taken is not the taking of an illegal deduction." According to the defendants, "credit for extra cash compensation paid to plaintiff" qualifies as an "other facility," mentioned in 29 C.F.R. § 531.36(b), "if it does not simply count as part of wages paid." The defendants maintain that "[n]ot deducting credit card commissions was part of the deal defendants made with plaintiff," and "[e]xtra payments of wages and tips were part of his cash compensation."

### *Legal Standard*

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8).
>
> Fed. R. Civ. P. 32(a)(1).

"An adverse party may use for any purpose the deposition of a party." Fed. R. Civ. P. 32(a)(3). When determining whether to admit deposition testimony into evidence, the following is considered: "First, the conditions set forth in Rule 32(a) must be satisfied before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the

deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2142 (3d ed. 2010). "A deposition may be excluded if it is irrelevant or if in some other respect what the deponent said does not satisfy the rules of evidence." Id. § 2143.

"Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

*Application of Legal Standard*

The plaintiff was present and represented during his deposition, and parts of the plaintiff's deposition transcript sought to be introduced into evidence by this motion are to be used to the extent they would be admissible under the Federal Rules of Evidence if the deponent were present and testifying. In fact, the plaintiff was present and testified at the trial, and, generally, his own testimony based on personal knowledge is admissible. The defendants' motion is based on Rule 32(a)(3) of the Federal Rules of Civil Procedure, allowing an adverse party, the defendants, to use the plaintiff's deposition for any purpose. The purpose proffered by the defendants is to corroborate the testimony of defendant Teo Su Jin, which is included within the meaning of "any purpose." The Court finds that the defendants satisfied the requirements of Rule 32(a).

The content of the deposition transcript sought to be admitted into the trial record is admissible evidence under the Federal Rules of Evidence. That is so because it consists of the

6

plaintiff's testimony, based on his personal knowledge, that is relevant to the defendant's calculation of damages. The plaintiff's opposition to the defendants' motion is based entirely on the plaintiff's argument that the defendants' position concerning their request for credit "is legally unsupportable, illogical" and "contravenes both the FLSA and NYLL." The plaintiff does not argue in his opposition that the evidence sought to be admitted to the trial record is irrelevant or otherwise inadmissible; rather, he asserts only that the defendants' position is legally unsound. However, whether the defendants' position is legally unsound is not a test for relevant evidence or determinative of whether evidence is relevant. Here, the evidence proffered has the tendency to make facts pertinent to the calculation of damages, if any, more or less probable than they would be without the evidence. The Court finds that the information contained in the parts of the plaintiff's deposition transcript sought to be included in the trial record, is relevant and admissible under the Federal Rules of Evidence.

**Conclusion**

For the foregoing reasons, the defendants' motion, Docket Entry No. 28, is granted.

Dated:  New York, New York
        September 4, 2014

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE